IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RONALD COLEMAN BRUCE                                                              PLAINTIFF

v.                               Civil No. 2:22-CV-02169-PKH-MEF

OFFICER J. McCLEOD (#4525),
Fort Smith Police Department                                                       DEFENDANT.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's order to submit a complete *in forma pauperis* (IFP) application and failure to prosecute this case.

### I.   BACKGROUND

Plaintiff filed his Complaint on November 1, 2022, generally alleging that Fort Smith Police Officer J. McCleod used excessive force against him during a routine stop on August 16, 2022, in violation of his constitutional rights.  (ECF No. 1).  On that same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP").  (ECF No. 2).  The Court provisionally filed Plaintiff's Complaint and directed him to submit additional financial information by November 22, 2022, failing which it would be recommended that his case be dismissed for failure to comply with an order of the Court.  (ECF No. 3).  This order was not returned undeliverable.

On December 1, 2022, the Court ordered Plaintiff to show cause why this matter should not be dismissed without prejudice for failing to comply with the Court's order entered on

1

November 1, 2022. (ECF No. 5). This order was mailed to Plaintiff at his last-known address and was not returned as undeliverable. The Court imposed a deadline of December 22, 2022, to respond to the order to show cause. *Id.* That deadline has passed, and Plaintiff has not responded. In fact, Plaintiff has not communicated with the Court in any way since he filed his Complaint on November 1, 2022.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with two court orders: the Court's order directing him to submit additional financial information (ECF No. 3), and the Court's show cause order (ECF No.

5). Plaintiff has failed to prosecute this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

### IV.    CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of January 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE